RECEIVED
2006 AUG -4 A 9: 52

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA SIMMONS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:06CV689 |
| | § | |
| v. | § | JURY DEMAND |
| | § | |
| LIBERTY NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Angela Simmons, and hereby complains against the Defendant, Liberty National Life Insurance Company, as set forth herein below.

I.

### JURISDICTION

1. Plaintiff, Angela Simmons, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U. S. C. 1331, 2201 and 2202 as an action arising under the act of Congress known as Title VII of the **Civil Rights Act of 1964**, as amended, 42 U.S.C. §2000 et seq., the 1991 Civil Rights Act, 42 U.S.C. 1981, and 42 U.S.C. 1981a, as amended, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of damages suffered by the Plaintiff, due to the

Defendant's discrimination against Plaintiff in her employment due to her gender, female.

2. Plaintiff, Angela Simmons, avers that she has pursued and exhausted her administrative remedies. In particular, Angela Simmons filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission's Birmingham Office on or about November 19, 2004.

3. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue and Plaintiff, Angel Simmons, received the Notice of Right to Sue on or about June 9, 2006.

## II.

## VENUE

4. Venue is proper in the Middle District of Alabama, since the cause of action of Plaintiff Simmons arose in Dallas County of the Middle District of Alabama and the Defendant Liberty National Life Insurance Company is a business operating in Dallas County, Alabama during the time period made the subject matter of this Complaint.

## III.

## PARTIES

5. The named Plaintiff, Angela Simmons, is a citizen of the United States and of Dallas County, Alabama, and is over the age of nineteen years. She was an employee of the Defendant's during the subject matter of this complaint.

6. The named Defendant, Liberty National Life Insurance Company, is a business operating in Dallas County, Alabama during the subject matter of this complaint.

## IV.

### STATEMENT OF FACTS GIVING RISE TO THE PLAINTIFF'S CAUSE OF ACTION

7. Plaintiff Simmons began her employment with Liberty National Life Insurance Company on February 22, 1999, as a part-time receptionist in Selma, Alabama.

8. Plaintiff was promoted to Office Manager in May 1999. She continues to work in that capacity.

9. In April of 2000, Cecil Bell, was hired as Sales Manager for Liberty National Life Insurance Company, to work out of the same office as Plaintiff Simmons.

10. As the Office Manager Plaintiff was required to interact with Mr. Bell and other agents on a regular basis. Mr. Bell had a practice of cursing and losing his temper.

11. On or about March 19, 2004, Mr. Bell made the comment to Ms. Simmons, "That is one dumb bitch", referencing a female co-worker. As he made this statement, he stormed up to Ms. Simmons' desk causing her to feel very uncomfortable.

12. On or about March 22, 2004, Mr. Bell inquired about Ms. Simmons' week end. Mr. Bell proceeded to talk to Ms. Simmons about an argument he had with his wife, which meant that he had no sex for that week

end. He continued to use very gross sexual language that was unwelcome and offensive. Ms. Simmons told Mr. Bell that she did not need to know all of that and continued performing her job functions. Mr. Bell then said, "Well help me make it better and let me suck on one of them big breast and I'll skeet all over that wall, I'll mess up this whole wall". This very offensive comment was made while Mr. Bell rubbed his penis over his pants. Ms. Simmons told him to get out. This behavior frightened Simmons.

13. On or about April 1, 2004, Simmons heard Bell state to Ken Chestnut, manager, that Ms. Canty, female agent, would not be able to pass the licensing test. Bell's exact words were "that old bat ain't going to pass" in the presence of Chestnut, who just laughed. Bell said after Chestnut left, but in Simmons' presence, "I hope that bitch don't pass with her stupid ass".

14. Some time in late April of 2004, Simmons reported to Chestnut that Bell frequently cursed at female agents, even throwing a folder at one of them, and that he was sexually harassing her. Chestnut stated that he would handle it.

15. On or about May 19, 2004, Bell invited Simmons to go to Florida with him on Memorial Day week end. Bell stated that "all the way down there I can have you driving while eating that pussy". Simmons again told Bell not to talk to her that way and that she was tired of hearing that mess.

16. Chestnut was out of the office on May 19, 2004, so Simmons reported the sexual harassment to him the next day, May 20, 2004. Chestnut allegedly reported Bell to the company's home office. Bell was subsequently demoted, but only after many prior complaints from Simmons and other females

in the office regarding his offensive sexual comments, yelling and cursing.

17. Even though Bell had been reported to the company's home office and demoted, he continued sexually harassing Simmons. On or about June 14, 2004, Bell stated to Simmons that they could just leave and go have some fun, since Chestnut was out of the office that entire week.

18. On or about June 15, 2004, Bell again made sexually offensive comments to Simmons. Once again Simmons asked him to stop talking to her that way. Simmons reported this incident of sexual harassment to Chestnut when he returned to the office.

19. On or about June 16, 2004, Bell made sexually offensive comments to Simmons. The sexually offensive comments had escalated and Simmons was very frightened of Bell. Simmons walked out of her office to get in her car. She intended to leave the office and go to a safe place, because Chestnut was not in the office. Bell followed her out repeating very offensive comments, which frightened Simmons. She drove off in her car to get away from him.

20. Bell continued to make sexually offensive comments for the rest of that week. When Chestnut returned to the office on Monday June 21, 2004, Simmons reported that Bell was continuing his usual offensive behavior.

21. On June 25, 2004, Simmons reminded Chestnut that he needed to get Bell's report by noon that day. Chestnut responded, "that's why I needed to keep Cecil Bell as Sales Manager, because I can't do everybody's report by noon by myself".

22. On June 28, 2004, Bell made other sexual comments and gestures to Simmons, to the point where she was unable to go to work the next day. Bell's continued sexual harassment had adversely affected her emotionally. Simmons reported this incident to Ken Chestnut. Once again Chestnut told her that he would handle it.

23. On or about July 1, 2004, Simmons reported the sex harassment to Lonny Kelly, R.V.P., who was in the Montgomery office on that day. Ken Chestnut was present. Bell was finally terminated.

## V.

## COUNT ONE

### GENDER DISCRIMINATION/SEX HARASSMENT VIOLATION OF TITLE VII 42 U.S.C. 2000

24. Plaintiff Simmons repeats, realleges, and incorporates by reference paragraphs 1-23 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards her violated her right to be free of sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000(e) et seq., and the Civil Rights Act of 1991.

25. As a proximate cause of the Defendant's actions, Plaintiff Simmons has been injured and damaged, as set forth in paragraphs above. Simmons has suffered considerable mental and emotional anguish.

## VI.

## COUNT TWO

## HOSTILE WORK ENVIRONMENT

26. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-25 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards her violated her right to be free of harassment discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et. seq., the Civil Rights Act of 1991.

27. As a proximate cause of the Defendant's actions, Plaintiff Simmons has been injured and damaged, as set forth in paragraphs above.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Simmons prays that this Honorable Court grant the following:

    A.    Assume jurisdiction over this action;

    B.    A judgment declaring that Plaintiff Simmons was discriminated against by the Defendant;

    C.    An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

    D.    An award of such compensatory damages, including for mental anguish, to which Plaintiff Simmons may be entitled;

    E.    An award of such punitive damages to which Plaintiff Simmons may

be entitled; and

    F.    Such further, other, and different relief as the Court may deem appropriate and necessary.

**A TRIAL BY JURY IS REQUESTED**

Respectfully submitted this the _14th_ day of August, 2006.

*Kathryn Dickey*
Kathryn Dickey (8797-D57-K)
Attorney for Plaintiff Angela Simmons

**OF COUNSEL:**

**KATHRYN DICKEY**
322 Alabama Street
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696 fax

**JANICE SPEARS-TURK**
5295 Vaughn Road
Montgomery, AL 36116
(334) 274-0883